**CINCINNATI BUILDERS' SUPPLY CO v ROEHM et**

Ohio Appeals, 1st Dist, Hamilton Co

Decided July 6, 1931

Cramer & Gordon, Cincinnati, for plaintiff.

Dempsey & Dempsey, Cincinnati, J. G. Williams, Cincinnati, Clarence M. Smith, Cincinnati, and D. T. Hackett, Cincinnati, for defendants.

ROSS, PJ.

This cause comes into this court on appeal from the Court of Common Pleas of Hamilton County, Ohio.

A motion was made to dismiss the appeal on the ground that the bond was not executed within thirty days from the date of the judgment. The bond was signed in time by the surety and principals seeking the appeals, but was held by the clerk under the impression that other appellants would sign, and was not approved until after the thirtieth day.

It has been repeatedly held that litigants shall not be prejudiced by any failure in the performance of a ministerial duty. We find no neglect upon the part of the appellants justifying an exception to the rule, and the appeal was properly effected in time to give this court jurisdic-

tion.

The issues presented are the relative priority of three classes of claims against an owner of property and his general contractor. First, the claims of certain judgment creditors who served notice upon the owner between the 25th of March, 1930, and the 22nd of April, 1930; second, certain assignment creditors whose assignments were not effective until May 6, 1930; third, appellant materialmen who have never perfected any lien, but claim solely by virtue of the statement and lien of the general contractor.

Sec 8314, GC, provides as follows: "Every person, or his agent or attorney, whether contractor, subcontractor, material man or laborer, who wishes to avail himself of the provisions of this statute, shall make and file for record in the office of the recorder in the county or counties in which said labor was performed or machinery, material or fuel furnished, an affidavit showing the amount due over and above all legal set-offs. * : *"

Sec 8312 GC, after providing for the statement of the general contractor to the owner and the affidavit setting out all materialmen and laborers and subcontractors, then states: "When the sixty days within which any liens can be filed have expired, and no liens on account of such improvement exist, then the failure of the contractor to furnish such affidavit as herein provided shall not act as a bar or defense in any suit or cause of action to collect any claim or claims by law as other claims are collected."

Sec 8313, GC, provides that any laborer, subcontractor, or materialman who ·has been omitted from the sworn statement may file an independent notice in writing upon the owner, which shall have equal effect as if served by the general contractor, as provided in §8312, GC.

Under these sections the appellant materialmen have no lien upon the premises of the owner or the fund owing the general contractor. While the mechanics' lien law is to be liberally construed in favor of laborers, subcontractors, and materialmen, courts cannot go beyond the express legislative limitations and create a lien under circumstances not covered by the statute.

The evident purpose of the notices required to be filed by the general contractor or subcontractor and materialmen is to hold the payments due the general contractor until the laborers, subcontractors, and materialmen have had an opportunity to file their liens. The statute, however,

specifically limits such compulsory withholding by the owner until the time has expired for the filing of these liens. After this, he is free to pay his general contractor without peril to himself.

It is our conclusion, therefore, that the judgment creditors are first in priority, followed by the assignees, the materialmen having no lien upon the fund or the premises.

A decree may be presented in accordance herewith.

Decree accordingly.

HAMILTON and CUSHING, JJ, concur.